Filed 04/12/22     Case 21-90557     Doc 42

```
2
```
RUSSELL D. GREER CHAPTER 13 STANDING TRUSTEE
TALVINDER S. BAMBHRA, #230907, ATTORNEY FOR TRUSTEE
P.O. BOX 3051
MODESTO, CALIFORNIA 95353-3051
TELEPHONE (209) 576-1954

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>DUANE ANTHONY SHUGART<br><br><br>                                  Debtor(s). | Case No.: 21-90557<br>D.C. No.: RDG-2<br><br>CHAPTER 13<br><br>MOTION FOR ORDER DISMISSING CASE PURSUANT TO 11 U.S.C. SECTION 1307<br><br>DATE: April 26, 2022<br>TIME: 1:00 PM<br>DEPT.: B |

**TO THE DEBTOR(S) AND HIS/HER ATTORNEY:**

**YOU AND EACH OF YOU** are hereby notified that at 1:00 PM on April 26, 2022, in Department B of the U.S. Bankruptcy Court, 1200 I Street, Suite 200, Modesto, California, Russell D. Greer, Chapter 13 Standing Trustee, will move for an order dismissing the above-referenced case pursuant to Section 1307 of the Bankruptcy Code for the following reason(s):

X    1. Unreasonable delay by the debtor(s) that is prejudicial to creditors. The failure of Debtor(s) to perform as hereafter set forth is an unreasonable delay by Debtor(s) that is prejudicial to creditors as creditors are delayed in receiving payments. [§1307(c)(1)]

\_\_\_\_ 2. Payments to Trustee are not current under the plan proposed by Debtor(s), and accordingly, Debtor(s) has/have failed to commence making timely payments under that plan. As of _____, plan payments under the plan are delinquent in the sum of $_____; the last payment having been received on _____. [§1307(c)(4)]

\_\_\_\_ 3. Payments to Trustee are not current under the plan confirmed by Debtor(s), and accordingly, there is a material default with respect to a term of that confirmed plan. As of _____, plan payments under the plan are delinquent in the sum of $_____; the last payment having been received on _____. [§1307(c)(6)]

X    4. Cause [§1307(c)]:

**NO PENDING PLAN AND MOTION TO CONFIRM:**

The Trustee's, and Creditor U.S. Bank Trust National Association's objections to confirmation of Debtor(s) plan, RDG-1, and NLG-1, were heard on February 15, 2022. The Trustee's objection was subsequently withdrawn on February 15, 2022 (DN 36). Creditor U.S. Bank Trust National Association's objection was sustained (DN 37).

The Debtor has failed to file set and serve an amended/modified plan to date.

The Trustee believes dismissal rather than conversion is in the best interest of creditors and the estate, as dismissal will allow creditors to pursue their claims outside of bankruptcy.

**WHEREFORE**, Trustee requests that the Court enter an order dismissing this Chapter 13 case.

Dated: April 12, 2022                              /s/ TALVINDER S. BAMBHRA
                                                            ATTORNEY FOR RUSSELL D. GREER,
                                                            CHAPTER 13 STANDING TRUSTEE